NEWTON A. K. BUGBEE, COMPTROLLER OF THE TREASURY OF THE STATE, APPELLANT, v. FREDERICK C. TATUM, ETC., AND AS EXECUTOR, ETC., RESPONDENT.

Submitted February 11, 1927—Decided May 16, 1927.

The interest payment required by section 5 of the "Transfer Inheritance Tax act" is imposed as a penalty for the failure to pay the tax within the specified period of one year after the death of the decedent. Where such failure has resulted solely from the improper assessment of the tax by the state comptroller, due to the erroneous valuation by his assessor of the decedent's estate, it affords no basis for the imposition of the penalty provided by the statute, if the tax, when finally properly assessed and levied, is paid, or payment thereof is tendered, without delay by the executor or administrator.

---

On appeal from the Supreme Court, whose *per curiam* is printed in 4 *N. J. Mis. R.* 858.

For the appellant, *Edward L. Katzenbach,* attorney-general, and *Theodore Rurode.*

For the respondent, *William E. Foster.*

The opinion of the court was delivered by .

GUMMERE, CHIEF JUSTICE. The present appeal is taken by the comptroller of the state treasury from a judgment of the Supreme Court, affirming a decree of the Prerogative Court in a transfer inheritance tax case. The following are the material facts exhibited by the record before us: On the 13th of November, 1920, one Charles A. Tatum, then a resident of this state, died testate. By his will he appointed Frederick C. Tatum, the present respondent, his executor. Some three months later the executor furnished to the comptroller a statement exhibiting the real and personal estate of which his testator died seized and possessed. In due course the comptroller assessed the value of the testator's estate, and levied upon it the taxes imposed by our Transfer Inheritance Tax act of 1909 (*Pamph. L., p.* 325), as amended in the year 1918 (*Pamph. L., p.* 1074), and the last installment of the taxes so levied was paid by the executor in October, 1921, less than one year after the testator's death. In August, 1924, the comptroller discovered that a mistake had been made by one of the clerks in his office in determining the value of the testator's estate, as a result of which the valuation fixed thereon by the comptroller was less by $84,408 than the actual value of that estate. He thereupon assessed and levied upon the property in the hands of the executor an additional tax of $1,865.62, together with interest thereon at the rate of six per cent. per annum, for the period commencing one year subsequent to the death of the testator; and demanded from the executor payment of this additional tax and the interest thereon. The executor promptly tendered the principal amount of the additional tax, but refused to pay the interest. The comptroller declined to accept the tender and thereupon instituted proceedings in the Prerogative Court, pursuant to the provisions of the Transfer Inheritance Tax act, for the purpose of having it determined whether or not, by the terms of that statute, the interest demanded by him was required to be paid by the executor. The vice-ordinary, before whom the matter was heard, determined that the statute imposed no obligation upon the executor to pay interest upon the additional tax assessed,

under the circumstances above recited, following *In re Vail*, 93 *N. J. Eq.* 401, in which it was held, by Walker, Ordinary, that where the transfer inheritance tax was not levied for more than a year after decedent's death, and was promptly paid after levy, interest on such tax would not run when the belated date of the assessment and levy was not attributable in anywise to the executors of the estate. The comptroller then sought and obtained from the Supreme Court a review of that determination, and the latter tribunal, after a hearing and consideration of the matter, concurred in the view of the Prerogative Court, and judgment was thereupon entered in the court of review in accordance with that concurrence.

The sole ground upon which we are asked to reverse the judgment under review is that both the Prerogative Court and the Supreme Court disregarded the legislative mandate, contained in the fifth section of the Transfer Inheritance Tax act, which declares that all taxes imposed by virtue of the provisions of that statute shall become due and payable at the death of the testator, and that, if not paid within one year from the date of such death, interest shall be assessed upon such taxes, to be computed from the expiration of one year from the testator's death. The argument in support of this contention is that, this provision being mandatory, the interest is payable without regard to the reason which caused the apparent default on the part of the executor in making the payment within the year. We are not impressed with the soundness of this contention. The interest payment required by section 5 is imposed as a *penalty* for the failure to pay the tax within the specified period. It is so defined in section 6 of the act. The imposition of a penalty is a punishment to be inflicted upon the representatives of the decedent's estate for failure to pay the tax within the prescribed time. But punishment presupposes a dereliction in the performance of an existing obligation. In other words, that in a case like the present a tax has been assessed and levied upon the decedent's estate during the indicated period and notice thereof given to the executor, and that the executor has defaulted in making the payment within the time limit. That it was the legislative purpose to limit the punitive pro-

vision of section 5 of the act to the situation which is suggested seems to us to be clear from the provision of section 18 thereof. This section requires the comptroller, for the purpose of having the value of the decedent's property fixed, to appoint a competent person as appraiser thereof, who is then to ascertain and determine such value by pursuing the methods specified in the statute, and to file his report of such ascertainment and determination in the office of the comptroller. It further provides that, upon such filing, the comptroller shall *"forthwith* assess and fix the cash value of such estate and levy the tax to which the same is liable, and *immediately* give notice thereof by mail to all parties known by him to be interested therein." The plain implication of this provision, when read in connection with other and correlative provisions of the statute, is that the duty thus imposed upon the comptroller shall be performed with reasonable promptness; that an accurate ascertainment of the value of the property, the assessment and levy of the taxes thereon, and the giving of notice of such assessment and levy to the parties having an interest therein, shall all be completed within less than a year from the date of the decedent's death, thus affording an opportunity to the executor to pay the taxes assessed in time to avoid the imposition of the penalty prescribed by section 5 of the statute.

In our opinion the failure of the comptroller to perform the duty thus imposed upon him within the time limit impliedly indicated by the statute, when such failure results solely from the carelessness or neglect of a clerk in his office in making up a statement of the value of the property of which a decedent dies seized and possessed, affords no basis for the imposition of the penalty provided by the statute, if the tax, when finally assessed and levied, is paid, or payment thereof is tendered, without delay by the executor.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, KALISCH, KATZENBACH, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD. DEAR, JJ. 10.

*For reversal*—None.